# EXHIBIT E

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JANE DOE, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | C.A. No. 19-cv-00100-WES-PAS |
| | : | |
| BROWN UNIVERSITY, | : | |
| *Defendant*. | : | |

## ANSWER OF DEFENDANT BROWN UNIVERSITY
## TO PLAINTIFF'S COMPLAINT

Defendant, Brown University ("Brown" or "Defendant"), hereby answers Plaintiff Jane Doe's ("Plaintiff") Complaint as follows:

## INTRODUCTION

1.     Plaintiff's introductory statement contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

2.     The allegations in the first two sentences of Paragraph 2 are admitted, except denied that Plaintiff was "full time" until June 2018, and with the clarification that the acceptance rate to the Program in Liberal Medical Medication varies from year to year.  Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 2 and therefore denies same.

3.     Admitted that Plaintiff graduated from Brown's undergraduate program.  The allegation regarding a 4.0 GPA is denied, as Brown does not calculate GPAs.

4.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore denies same.

5.      Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 5 and therefore denies same.  The second sentence of Paragraph 5 is denied.

6.      Denied, except admitted to the extent the records reflect that Plaintiff underwent an evaluation that contained a diagnostic impression of ADHD.

7.      Admitted that Brown dismissed Plaintiff from the Warren Alpert Medical School. The remainder of the allegations in Paragraph 7 are denied.

8.      Denied.

## THE PARTIES

9.      Admitted that Plaintiff was a student at Brown from 2011 to 2018.  Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 that Plaintiff has been diagnosed with major depressive disorder, unspecified anxiety disorder, and ADHD and therefore denies same.  The remainder of the allegations in Paragraph 9 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

10.     The allegations contained in Paragraph 10 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

11.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies same.

12.     Admitted.

13.     The allegations contained in Paragraph 13 are legal conclusions to which no response is required.

14.     The allegations contained in Paragraph 14 are legal conclusions to which no response is required.

15.     The allegations contained in Paragraph 15 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

### JURISDICTION AND VENUE

16.     The allegations contained in Paragraph 16 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

17.     The allegations contained in Paragraph 17 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

18.     The allegations contained in Paragraph 18 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

19.     The allegations contained in Paragraph 19 are legal conclusions to which no response is required.

20.     The allegations contained in Paragraph 20 are legal conclusions to which no response is required.

### FACTS

21.     Admitted, with the clarification that the acceptance rate to the Program in Liberal Medical Medication is approximately 3.9% and varies from year to year.

22.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 22 and therefore denies same.  Admitted that Plaintiff graduated Magna Cum Laude. The allegation regarding a 4.0 GPA is denied, as Brown does not calculate GPAs.

23.     Admitted that Plaintiff enrolled as a medical student at the Warren Alpert Medical

School in the fall of 2015.  Admitted that Plaintiff was an Alpert Medical School Ambassador

and worked with the Biomedical Advancement Officer. Brown is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23

and therefore denies same.

24.     The allegations in the first sentence of Paragraph 24 are denied.  Admitted that

Plaintiff received "Excellent" ratings on her Doctoring I Student Evaluation by Mentor as a first-

year medical student, the remainder of the allegations in the second sentence of Paragraph 24 are

denied.  Admitted that a portion of one comment on her Doctoring I Student Evaluation by

Mentor states that Plaintiff "is clearly beyond the level of her peers.  She connects with patients

easily."

25.     Denied.

26.     Denied.

27.     The allegations in the first and second sentences of Paragraph 27 are denied.  The

allegations in the third sentence of Paragraph 27 are admitted to the extent Plaintiff's Doctoring

3 Mid-Term Student Evaluation contains the quoted passages, but denied to the extent the third

sentence of Paragraph 27 purports to accurately describe the evaluation.

28.     Admitted that Plaintiff received nine grades of "Meets expectations successfully"

on her Doctoring III & IV Student Performance Evaluation by Faculty, and the evaluation

includes the language quoted in the second sentence of Paragraph 28.  The remainder of the

allegations in Paragraph 28 are denied.

29.     Admitted that the Medical Student Handbook for 2018-2019 states in part that

"[i]ssues of professionalism are documented via a brief reporting form ('The Professionalism

Report Form')." Admitted that faculty members and students can fill out a Professionalism Report Form, among others within the community. The remaining allegations in Paragraph 29 are denied.

30.    Admitted to the extent that the allegations in Paragraph 30 paraphrase some of the issues that Dr. Vrees identified on a Professional Report Form dated November 1, 2017. Denied to the extent the allegations in Paragraph 30 purport to list all of the professionalism issues that Dr. Vrees identified, and denied to the extent the allegations in Paragraph 30 are different from the actual words that appear in the Professionalism Report Form.

31.    Admitted that the Medical Student Handbook for 2018-2019 states in part that "[f]irst reports of unprofessional behavior are submitted to the student's advisor with a copy to the Assistant Dean for Student Affairs."   Admitted that Plaintiff met with an advisor regarding the November 1, 2017 Professionalism Report Form. The remaining allegations in Paragraph 31 are denied.

32.    Admitted that the Medical Committee on Academic Standing and Professionalism (MCASP) issued a Professionalism Warning to Plaintiff in November 2017. Admitted that a letter dated November 22, 2017, stated that Plaintiff received a Professionalism Warning. Admitted that Plaintiff wrote a letter that was presented to MCASP. The remaining allegations in Paragraph 32 are denied as not accurately describing Brown's policies or the documents referenced.

33.    The allegations in the first sentence of Paragraph 33 that Plaintiff received an e-mail on January 23, 2018 regarding a computer training for a VA Medicine Clerkship are admitted; the remainder of the allegations about the e-mail are denied as not accurately stating the contents of the e-mail, and are further denied to the extent the allegations in Paragraph 33

suggest that Plaintiff had not already received several notifications to complete the computer training. Admitted that Plaintiff received a Professionalism Report Form for missing a deadline to take a mandatory training. The last sentence of Paragraph 33 is denied. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and therefore denies same.

34.     Admitted that Dr. Tunkel wrote a letter to Plaintiff dated February 1, 2018 that requested Plaintiff to appear at the February 15, 2018 MCASP meeting, and stated that MCASP would consider a Professionalism Citation after the appearance; the remaining allegations in the first two sentences of Paragraph 34 are denied and do not accurately state the contents of the February 1, 2018 letter. The third sentence is denied as not accurately stating Brown's policies on all situations in which a Professionalism Citation is issued.

35.     Admitted that Dr. Tunkel wrote a letter to Plaintiff dated February 20, 2018; the remaining allegations in Paragraph 35 are denied as not accurately stating the contents of the letter.

36.     Admitted that Plaintiff worked with Dr. White, the Assistant Dean for Student Affairs, on a remediation plan; the remainder of the allegations in the first sentence of Paragraph 36 are denied as stated. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff contacted Diane Green on March 5, 2018, and therefore denies same.

37.     Admitted that Plaintiff received a "Meets Expectations" overall rating in her March 9, 2018 "Surgery Clerkship Student Performance Evaluation" and that a portion of one part of the summary evaluation states that "she continued to improve as the clerkship progressed and this was evident in our discussions in the clinic/office hours with me. [Jane] was an

enthusiastic member of the team. She sought opportunities to help." The remaining allegations in Paragraph 37 are denied.

38.     Admitted that Plaintiff received a rating of "[i]nconsistently" for professionalism in the March 9, 2018 evaluation, and this is the second lowest rating reserved for "<3-5% of all students in the class" and that the evaluation states that some behaviors corrected themselves after the Christmas break without any feedback. The remaining allegations in Paragraph 38 are denied as not accurately stating the contents of the evaluation.

39.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and therefore denies same.

40.     Admitted that Plaintiff met with Diane Green on March 12, 2018. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and therefore denies same.

41.     The first sentence of Paragraph 41 is denied as stated. Admitted that MCASP decided not to issue a professionalism citation. The remaining allegations in the second and third sentence of Paragraph 41 are denied as not accurately stating the contents of the March 19, 2018 letter.

42.     Admitted, except Brown is without knowledge or information sufficient to form a belief as to the truth of the allegation of when Plaintiff received the evaluation and therefore denies same.

43.     Admitted that a portion of the Internal Medicine VAMC Student Performance Evaluation contains the quoted language, except the final sentence of the quotation omits the word "is" that appears in the evaluation; the remainder of the allegations in Paragraph 43 are denied.

44.   Admitted that the first sentence of Paragraph 44 quotes part of an e-mail from Dr. White to Plaintiff.  The second sentence of Paragraph 44 is admitted to the extent Plaintiff apologized for missing the meeting; the remainder of the second sentence of Paragraph 44 is denied.   The third sentence of Paragraph 44 is admitted.

45.   Admitted that Plaintiff underwent an outpatient neuropsychological evaluation on May 2, 2018 by Dr. Margaret A. DiCarlo, Ph.D, who wrote a report that includes a portion of a sentence that reads Plaintiff's "clinical picture is consistent with a diagnosis of ADHD, Combined Type . . ."  Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 that Plaintiff and Diane Green received the report the same day and therefore denies same.  The remainder of the allegations in Paragraph 45 are denied.

46.   Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies same.

47.   Admitted that Dr. White filed a Professionalism Report Form based on Plaintiff's missing the May 1, 2018 meeting.  The remainder of the allegations in Paragraph 47 are denied.

48.   Admitted that Dr. White met with Plaintiff on May 4, 2018 and that testing and medication were discussed; the remainder of the allegations in Paragraph 48 are denied.

49.   Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies same.

50.   Admitted that Plaintiff was scheduled to take the Step 1 Exam during the week of June 18-22, 2018, denied that it is the most significant exam in medical school.  Brown denies the allegations contained in the second sentence of Paragraph 50.  Brown is without knowledge

or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 50 and therefore denies same.

51.     Denied.

52.     Admitted that Dr. White suggested by e-mail that Plaintiff consider taking time off from medical school.  Admitted that Plaintiff replied that she decided to finish her fourth year of medical school, and then wrote another e-mail that considered taking a year off.  Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in third and fourth sentences of Paragraph 52 and therefore denies same.  The remaining allegations in Paragraph 52 are denied.

53.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies same.

54.     Admitted that Plaintiff's fourth-year Objective Structured Clinical Examination was scheduled for June 5, 2018 and that Plaintiff missed the exam.  Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and therefore denies same.

55.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 55 and therefore denies same.  The third sentence of paragraph 55 is admitted to the extent it alleges that Plaintiff lied to Dr. Stephen Rougas, but denied to the extent the third sentence purports to describe Plaintiff's misrepresentation to Dr. Rougas.  The fourth sentence of Paragraph 55 is admitted.

56.     The first sentence of paragraph 56 is denied as stated.  Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 56 and therefore denies same.

57.     Admitted that Paragraph 57 quotes a portion of an e-mail from Plaintiff to Dr. White dated June 8, 2018.

58.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies same.

59.     Admitted that Plaintiff and Dr. White met on June 12, 2018 to discuss Plaintiff's upcoming MCASP meeting, among other things and that Dr. White recommend that Plaintiff write a letter to MCASP that included taking ownership of what happened, apologizing, and explaining her plan to take a year off.  The remainder of the allegations in paragraph 59 are denied as stated.

60.     Admitted that Dr. White and Plaintiff spoke by phone on June 14, 2018 to discuss a conversation an administrator had overheard about Plaintiff in a public setting that had been brought to Dr. White's attention, and that Plaintiff denied ever doing a drug in her life.  Admitted that using or dealing cocaine by Plaintiff was not brought to the attention of MCASP.  The remainder of the allegations in Paragraph 60 are denied.

60.     [Second Paragraph Numbered 60].  Admitted that MCASP met on June 14, 2018 to discuss Professionalism Report Forms from Dr. White and Dr. Rougas, among other issues.

61.     Admitted that MCASP considered a letter from Plaintiff and a letter from Diane Green at its June 14, 2018 meeting.  The remainder of the allegations in Paragraph 61 are denied as not accurately stating the contents of Plaintiff's letter.

62.     Admitted.

63.     Admitted that Dean Tunkel sent a letter dated June 19, 2018 to Plaintiff informing her that MCASP voted to dismiss her, and that the allegations in Paragraph 63 accurately quote a portion of the letter.

10

64.     Admitted that MCASP did not speak to Diane Green or treatment professionals when it voted to dismiss Plaintiff.  The remainder of the allegations are denied as stated.

65.     Denied.

66.     Admitted.

67.     The allegations in Paragraph 67 are denied as not accurately stating the contents of Plaintiff's appeal materials; to the extent the contents of Paragraph 67 are intended to contain factual or legal allegations, they are also denied.

68.     Admitted that Plaintiff's appeal attached a note from Diane Green and documentation from Dr. DiCarlo and Dr. Woodcome.  Admitted that the submission included an outpatient neuropsychological evaluation from Dr. DiCarlo.  Admitted that an addendum to Dr. DiCarlo's outpatient neuropsychological evaluation includes a sentence that states that Dr. DiCarlo "reviewed the letter that Diane Green has written to MCASP on June 12, 2018, and that I concurred with the information, impressions and recommendations therein."  Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 that Dr. DiCarlo is Plaintiff's diagnosing doctor or that Dr. Woodcome is her treating physician, and therefore denies same.  The remainder of the allegations in Paragraph 68 are denied.

69.     Admitted that an addendum to Dr. DiCarlo's outpatient neuropsychological evaluation includes a sentence that states "that it is apparent that [Plaintiff's] clinical picture is complicated by the combination of ADHD and Major Depressive Disorder, with the need for more comprehensive treatment for both clinical disorders, the need for more time to determine the most effective medication regimen, and the need for more time for her to benefit significantly from treatment."   Admitted that Dr. DiCarlo recommended in part that Plaintiff receive medical

11

leave from school for one year to pursue comprehensive treatment.   The remainder of the allegations in Paragraph 69 are denied.

70.     The allegations in the first sentence of Paragraph 70 are denied.  Admitted that a sentence in Dr. Woodcome's letter states that Plaintiff's "judgment was likely affected by her emotional decompensation and attendant insomnia."

71.     Admitted that MCASP held a meeting on August 9, 2018 and that Plaintiff attended.  The remainder of the allegations in Paragraph 71 are denied as not accurately describing the meeting, Plaintiff's admission that she engages in a pattern of lying, or the actual language of the questions.

72.     Admitted that Dr. Elias wrote a letter to Plaintiff on September 24, 2018 that sustained the decision of MCASP to dismiss her from Warren Alpert Medical School.  The remainder of the allegations in Paragraph 72 are denied.

73.     Denied.

74.     Brown admits that a portion of its Discrimination and Harassment Policy states that it is "incumbent on the university to create and maintain an educational, working, and living environment that is free of any form of unlawful discrimination and harassment," and that "Unlawful discrimination is defined by federal and/or state statutes . . . to include unfavorable or unfair treatment of a person or class of persons because of . . . disability . . ."  The remainder of the allegations in Paragraph 74 are denied.

75.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies same.

76.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies same.

77.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies same.

78.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies same.

## FIRST CAUSE OF ACTION
### Violation of Title III of the ADA, 42 U.S.C. § 12182 et. seq.

79.     Brown repeats and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 78 as if fully set forth herein.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

## SECOND CAUSE OF ACTION
### Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794

84.     Brown repeats and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 83 as if fully set forth herein.

85.     The allegations in the first sentence of Paragraph 85 are denied.  The allegations in the second sentence of Paragraph 85 are legal conclusions to which no response is required.

86.     Denied.

87.     Denied.

88.     Denied.

## THIRD CAUSE OF ACTION
### Violation of Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1

89.     Brown repeats and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 88 as if fully set forth herein.

90.     The allegations contained in Paragraph 90 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

91.     The allegations contained in Paragraph 91 are legal conclusions to which no response is required.

92.     The allegations contained in Paragraph 92 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

93.     Denied.

94.     Denied.

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress Under Rhode Island Law

95.     Brown repeats and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 94 as if fully set forth herein.

96.     Denied.

97.     Denied.

98.     Denied.

## FIFTH CAUSE OF ACTION
### Breach of Contract Under Rhode Island Law

99.     Brown repeats and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 98 as if fully set forth herein.

100.     The allegations contained in Paragraph 100 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

101.     Admitted.

102.     Denied.

103.     Denied.

104.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and therefore denies same.

105.     Denied.

## SIXTH CAUSE OF ACTION
**Breach of the Implied Covenant of Good Faith and Fair Dealing Under Rhode Island Law**

106.     Brown repeats and incorporates by reference its answers to the allegations contained in Paragraphs 1 through 105 as if fully set forth herein.

107.     The allegations contained in Paragraph 107 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

108.     The allegations contained in Paragraph 108 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

109.     Denied.

110.     Denied.

111.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and therefore denies same.

112.     Denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to bring the action within the applicable statute of limitation and the action is barred.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff failed to comply with the statutory administrative prerequisites to filing suit, the action is barred and/or the Court lacks subject matter jurisdiction.

## FOURTH AFFIRMATIVE DEFENSE

Brown did not discriminate against Plaintiff based on her disability in violation of the Americans with Disabilities Act, Title III ("ADA") or Section 504 of the Rehabilitation Act ("Section 504").

## FIFTH AFFIRMATIVE DEFENSE

All educational decisions concerning Plaintiff were based on valid, nondiscriminatory grounds and were not the result of any intention or purpose, past or present, to discriminate unlawfully against Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff was not excluded from participating in educational services based on her alleged disability.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff sought an accommodation, Brown reasonably accommodated Plaintiff based on her alleged disability in compliance with the ADA and or Section 504.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is found to have requested an accommodation that was denied by Brown, such accommodation was unreasonable.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for damages under the ADA or Section 504 as a matter of law.  Plaintiff's Complaint fails to state a claim for compensatory damages, punitive damages, or other damages under the ADA or Section 504.

## TENTH AFFIRMATIVE DEFENSE

Brown's decisions with respect to Plaintiff were not arbitrary, capricious, in bad faith, or lacking any discernable rational basis.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not otherwise qualified to participate in the Warren Alpert Medical School due to her failure to demonstrate professional proficiency, and neither the ADA nor Section 504 impose a requirement upon an educational institution to lower or to effect substantial modifications of standards to accommodate a person with a disability.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent her alleged damages, if any, were proximately caused by or contributed to by acts, omissions, assumptions, misunderstandings, mistakes, and/or breaches of other legal duties of Plaintiff, with no contribution from Brown.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the doctrines of waiver and/or estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by a failure to mitigate damages (if any).

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's reasonable-accommodation claim fails to the extent that she never properly requested the alleged accommodation(s).  Plaintiff did not communicate to Brown a reasonable accommodation that would have allowed her to perform and meet program requirements.

## SIXTEENTH AFFIRMATIVE DEFENSE

Brown did not wrongfully deprive Plaintiff of a degree.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable relief fail because they are not reasonable modifications of the policies and services that Brown provides.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff requested an accommodation, the request subjected Brown to a fundamental alteration of its program.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to demonstrate that a remedy in equity or reinstatement is warranted, that the grant of injunctive relief or reinstatement would be equitable, or that the balance of hardships tips in her favor, and reinstatement would create undue burden and hardship upon Brown.

## TWENTIETH AFFIRMATIVE DEFENSE

Brown did not substantially depart from its norms or fail to use its professional judgment when exercising its rights on matters of academic judgment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff breached the duty of good faith and fair dealing.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Brown did not breach any contractual obligation to Plaintiff. Brown was under no contractual obligation to Plaintiff to grant her a degree in the field chosen by Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent it is found that there is a contract between Plaintiff and Brown, Plaintiff materially breached her contract with the Brown and is consequently not entitled to any relief sought in the Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Brown acted within its discretion and properly exercised its educational responsibilities.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Brown gave a reasonable interpretation to its own policies and procedures.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Some or all of the policies involved in this matter may not rise to the level of having contractual effect.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Brown reserves the right to amend or add additional affirmative defenses which may become known during the course of discovery.

WHEREFORE, Defendant Brown University respectfully requests that the Court:

(a)     find for Brown on all of Plaintiff's claims;

(b)      dismiss Plaintiff's Complaint in its entirety, with prejudice, and enter judgment in favor of Brown on all counts in the Complaint;

(c)      deny each demand and prayer for relief contained in the Complaint;

(d)      award Brown costs and reasonable attorneys' fees; and

(e)      grant such other and further relief as the Court deems just and proper.


Defendant,

BROWN UNIVERSITY,

By its Attorneys,

/s/ *Joseph D. Whelan*
/s/ *Timothy K. Baldwin*
Joseph D. Whelan (#5694)
Timothy K. Baldwin (#7889)
WHELAN CORRENTE & FLANDERS LLP
100 Westminster Street, Suite 710
Providence, RI  02903
401-270-4500
jwhelan@whelancorrente.com
tbaldwin@whelancorrente.com

Michael D. Grabo (#6871)
BROWN UNIVERSITY
Office of the General Counsel
Box 1913
Providence, RI  02912
401-863-3122
michael_grabo@brown.edu

Dated:  April 24, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 24, 2020, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Timothy K. Baldwin*

WC47145